**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM LOPEZ, | : | Civil No. 07-1864 (RBK) |
| Petitioner, | : | |
| v. | : | OPINION |
| CHARLES SAMUELS, | : | |
| Respondent. | : | |

**APPEARANCES**:

    WILLIAM LOPEZ, #59848-004
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**KUGLER**, District Judge

Petitioner William Lopez, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks a Writ of Habeas Corpus under 28 U.S.C. § 2241 for an order directing the Warden of FCI Fort Dix to refer Petitioner for a consultation with a medical specialist.  The Court will summarily dismiss the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

**I.  BACKGROUND**

Petitioner asserts that he has been experiencing severe abdominal pain for the past two years.  He alleges that he complained to the medical department at FCI Fort Dix on eight

occasions and he received an x-ray and blood test, but he has not been referred to a specialist capable of adequately diagnosing his condition.  In addition, Petitioner asserts that he filed a request for administrative remedy, which was denied by the Warden, the Regional Director, and the National Inmate Appeals Administrator.  He seeks an order directing the Warden to refer him for a consultation with a specialist.

## II.  STANDARD OF REVIEW

"In conducting habeas review, a federal court is limited to deciding whether a conviction [or confinement] violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." Id. at 856; see also Mayle v. Felix, 545 U.S. 644, 656 (2005). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d

Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

### III.  DISCUSSION

Federal law provides two avenues affording relief to federal prisoners:  a petition for habeas corpus, 28 U.S.C. § 2241 and a civil action for damages and injunctive relief under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2]  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances

---

[1] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, <u>id.</u> at 437-38; accord <u>Anderson v. Pa. Attorney General</u>, 82 Fed. Appx. 745, 749 (3d Cir. 2003); <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988).

[2] In <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  <u>Bivens</u>, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, <u>Davis v. Passman</u>, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, <u>Carlson v. Green</u>, 446 U.S. 14 (1980).  To state a claim for damages under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated his constitutional rights.  <u>Malesko</u>, 534 U.S. at 66.

of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749 750 (2004). "In the case of a damages claim, habeas corpus is not an appropriate or available remedy." Preiser v. Rodriguez, 411 U.S. 475, 495 (1973). As the United States Court of Appeals for the Third Circuit explained,

> whenever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this case, Petitioner asserts that he has been denied adequate medical care and seeks an order directing the Warden to refer him to a specialist. "No matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected. Habeas relief is therefore unavailable." Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002).[3] Because a favorable judgment would not affect the fact or duration of Petitioner's incarceration, habeas

---

[3] See also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (habeas relief is available only when prisoners seek to invalidate the duration of their confinement, but "habeas remedies do not displace [civil rights] actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement").

4

relief is unavailable and a <u>Bivens</u> action is the appropriate form of remedy.  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil rights complaint.[4]  See <u>Bronson</u>, 56 Fed. Appx. at 553-54  (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil rights complaint.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

DATED:   May 2 ,   2007

---

[4] The filing fee for a habeas petition is $5.00 and inmates filing a habeas petition who are granted <u>in forma pauperis</u> status do not have to pay the filing fee.  In contrast, the filing fee of a civil rights complaint is $350.00.  Inmates filing a civil rights complaint who proceed <u>in forma pauperis</u> are required to pay the entire filing fee in monthly installments which are deducted from the inmate's prison account.  Because of these differences and because Petitioner intended to file a habeas petition, this Court will not <u>sua sponte</u> recharacterize the pleading as a civil rights complaint.  However, since the Petition is being dismissed without prejudice to any right Petitioner may have to assert his claims in a civil rights complaint, Petitioner may choose to pursue this option.